UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWIGHT M. MCDOWELL, | ) Case No. 2:20-cv-00033-DMG-JC |
| Petitioner, | ) |
| v. | ) ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND ACTION WITHOUT PREJUDICE |
| WARREN L. MONTGOMERY, | ) |
| Respondent. | ) |

## I. SUMMARY

On January 2, 2020, petitioner Dwight M. McDowell, a California prisoner who is proceeding *pro se*, formally filed a Petition for Writ of Habeas Corpus ("Current Federal Petition"). The Current Federal Petition challenges a 2008 state judgment in Los Angeles County Superior Court Case No. BA335672 ("State Case" or "State Conviction").

Based on the record (including facts as to which this Court takes judicial notice as detailed below) and the applicable law, the Current Federal Petition and this action are dismissed without prejudice for lack of jurisdiction because petitioner did not obtain the requisite authorization from the Court of Appeals to file a successive petition. Further, the Clerk of the Court is directed to refer the

///

Current Federal Petition to the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") pursuant to Ninth Circuit Rule 22-3(a).[1]

## II.   PROCEDURAL HISTORY[2]

### A.   The State Case and Related State Court Proceedings

On June 25, 2008, a Los Angeles County Superior Court jury found petitioner guilty of the attempted murder of Melvin Rivera (count 1) and the attempted voluntary manslaughter of Dani Alexander Espinoza (a lesser included offense of the attempted murder charged in count 2). The jury also found true allegations that (1) petitioner personally and intentionally discharged a firearm causing great bodily injury to Rivera; (2) petitioner personally used a firearm in the commission of the attempted voluntary manslaughter of Espinoza; and (3) both offenses were committed for the benefit of, at the direction of, or in association with a criminal street gang to promote, further or assist a gang ("gang enhancements").[3] The trial court sentenced petitioner to a term of 22 years and eight months, plus 25 years to life in state prison.

///

---

[1]Ninth Circuit Rule 22-3(a) provides in pertinent part: "Any petitioner seeking authorization to file a second or successive 2254 petition . . . in the district court must file an application in the Court of Appeals demonstrating entitlement to such leave under 28 U.S.C. § 2254 . . . . If a second or successive petition . . . is mistakenly submitted to the district court, the district court shall refer it to the [C]ourt of [A]ppeals."

[2]The procedural history set forth in this section is derived from the Current Federal Petition and supporting documents and the public docket and court records in the following cases in the Central District of California ("CDCA") and the Ninth Circuit, of which this Court takes judicial notice: (1) Dwight McDowell v. Martin Biter, CDCA Case No. 2:12-cv-02457-GAF-JC ("First Federal Action"); and (2) Dwight McDowell v. Martin Biter, Ninth Circuit Case No. 14-56276 ("Ninth Circuit Action"). See Fed. R. Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

[3]The jury found not true an allegation that the attempted murder of Rivera was committed willfully, deliberately, and with premeditation.

On December 18, 2009, the California Court of Appeal affirmed the judgment in a reasoned decision. On February 24, 2010, the California Supreme Court denied review without comment.

Petitioner thereafter sought, and was denied habeas relief in the Los Angeles County Superior Court, the California Court of Appeal, and the California Supreme Court.

### B.     First Federal Action and Ninth Circuit Action

On March 21, 2012, petitioner filed a Petition for Writ of Habeas Corpus in the First Federal Action in which petitioner challenged the judgment in the State Case ("First Federal Petition"). On July 2, 2014, the assigned District Judge accepted the United States Magistrate Judge's Report and Recommendation recommending denial of the First Federal Petition on the merits and dismissal with prejudice. On July 9, 2014, judgment was enter denying the First Federal Petition and dismissing the First Federal Action with prejudice. The District Judge also denied petitioner a certificate of appealability.

On July 31, 2014, petitioner filed a notice of appeal. On March 23, 2015, the Ninth Circuit denied petitioner's request for a certificate of appealability in the Ninth Circuit Action.

### C.     Current Federal Petition

As noted above, on January 2, 2020, petitioner formally filed the Current Federal Petition which again challenges the judgment in the State Case. The record does not reflect that petitioner has obtained authorization from the Ninth Circuit to file the Current Federal Petition in District Court.[4]

///
///

---

[4] A search of the court's PACER system does not reflect that petitioner has been granted leave to file a second or successive petition by the Ninth Circuit.

## III. DISCUSSION

Before a habeas petitioner may file a second or successive petition in a district court, he must apply to the appropriate court of appeals for an order authorizing the district court to consider the application. Burton v. Stewart, 549 U.S. 147, 152-53 (2007) (citing 28 U.S.C. § 2244(b)(3)(A)). This provision "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." Felker v. Turpin, 518 U.S. 651, 657 (1996); see also Reyes v. Vaughn, 276 F. Supp. 2d 1027, 1028-30 (C.D. Cal. 2003) (discussing applicable procedures in Ninth Circuit). A district court lacks jurisdiction to consider the merits of a second or successive habeas petition in the absence of proper authorization from a court of appeals. Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam) (citing United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998)), cert. denied, 538 U.S. 984 (2003).

The court of appeals may authorize the filing of a second or successive petition only if it determines that the petition makes a prima facie showing that at least one claim within the petition satisfies the requirements of 28 U.S.C. Section 2244(b), *i.e.*, that a claim which was not presented in a prior application (1) relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court; or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and the facts underlying the claim would be sufficient to establish that, but for constitutional errors, no reasonable factfinder would have found the applicant guilty of the underlying offense. Nevius v. McDaniel, 104 F.3d 1120, 1120-21 (9th Cir. 1997); Nevius v. McDaniel, 218 F.3d 940, 945 (9th Cir. 2000).

A second or subsequent habeas petition is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason, rather than on the merits. See Slack v. McDaniel, 529 U.S. 473, 485-487 (2000) (second habeas petition not "successive" if initial habeas petition dismissed for failure to

exhaust state remedies); Stewart v. Martinez-Villareal, 523 U.S. 637, 643-645 (1998) (second habeas petition not "successive" if claim raised in first habeas petition dismissed as premature); but see McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (dismissal on statute of limitations grounds constitutes disposition on the merits rendering subsequent petition "second or successive"); Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir.) (dismissal on procedural default grounds constitutes disposition on the merits rendering subsequent petition "second or successive"), cert. denied, 546 U.S. 884 (2005); Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228 (1995) (dismissal for failure to prosecute treated as judgment on the merits) (citations omitted).

The First Federal Petition in the First Federal Action was denied on its merits – not for a technical or procedural reason. Accordingly, the Current Federal Petition is successive. Since petitioner filed the Current Federal Petition without authorization from the Ninth Circuit, this Court lacks jurisdiction to consider it.

**IV.   ORDER**

IT IS THEREFORE ORDERED that the Current Federal Petition and this action are dismissed without prejudice. The Clerk of the Court is directed to refer the Current Federal Petition to the Ninth Circuit pursuant to Ninth Circuit Rule 22-3(a).

DATED: May 4, 2020

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE